# UNITED STATES DISTRICT COURT

REGISTRY: New York Southern
NUMBER:  07 CIV 9657

**Plaintiff:**          **GREAT AMERICAN ASSURANCE CO.**

**Defendant:**          **FERNO AUSTRALIA PTY LTD**

## AFFIDAVIT

**NANCY MAE WILSON** of Level 18, 66 Eagle Street, Brisbane in the State of
Queensland, Australia, solicitor, states on oath:

1.  On Thursday, 17 January 2008, at 12:10pm, I duly served Scott Andrew
    West, a director of Ferno Australia Pty Ltd ACN 009 927 137, with the
    following documents:

    (a)  Civil cover sheet for United States District Court case number
         07 CIV 9657 dated 10 October 2007

    (b)  Summons in a civil action for United States District Court case
         number 07 CIV 9657 dated 29 October 2007

    (c)  Rule 7.1 disclosure document for United States District Court case
         number 07 CIV 9657 dated 29 October 2007

2.  Exhibited to this affidavit and marked '**NMW1**', '**NMW2**' and '**NMW3**'
    respectively are true and correct copies of abovementioned documents.

3.  The abovementioned documents were served personally on Scott Andrew
    West at the principal place of business of Ferno Australia Pty Ltd at
    11 Johnstone Road, Brendale in the State of Queensland on 17 January 2008
    at or about 12:10pm.

Page 1

Deponent

Barrister/Solicitor/Justice of the Peace/
Commissioner for Declarations

**AFFIDAVIT**
Filed on behalf of the plaintiff
Form 46 - R.431

**Moray & Agnew**
Solicitors
Level 18, Central Plaza 2
66 Eagle Street
BRISBANE  QLD  4000
Telephone: +61 7 3221 3311
Facsimile: +61 7 3221 9650
Our ref: NMW:280201

(JHC) 7278689_1.DOC

2

4.    I identified the person served by asking: 'Is your name Scott Andrew West?', to which he replied 'Yes'. I then asked: 'Are you a director of Ferno Australia Pty Ltd', to which he replied 'Yes'.

5.    Exhibited to this affidavit and marked '**NMW4**' is a true and correct copy of an Australian Securities and Investments Commission Current Extract for Ferno Australia Pty Ltd which names Scott Andrew West as a director.

All the facts and circumstances above deposed to are within my knowledge, save such as are deposed to from information only, and my means of knowledge and sources of information, appear on the face of this my affidavit.

**SWORN** by **NANCY MAE WILSON**    )
on    2 3    JANUARY    2008    )
at Brisbane, Australia in the presence    )
of:    )

......................................................
Deponent

......................................................
Barrister/Solicitor/Justice of the Peace/
Commissioner for Declarations

# UNITED STATES DISTRICT COURT

REGISTRY: New York Southern
NUMBER:   07 CIV 9657

**Plaintiff:**          **GREAT AMERICAN ASSURANCE CO.**

**Defendant:**          **FERNO AUSTRALIA PTY LTD**

## CERTIFICATE OF EXHIBIT

Exhibit '**NMW1**' to the affidavit of Nancy Mae Wilson sworn:   *23/01/08*

Deponent                                   ~~Barrister/Solicitor/Justice of the Peace~~/
                                           ~~Commissioner for Declarations~~

---

**CERTIFICATE OF EXHIBIT**          **Moray & Agnew**
Filed on behalf of the plaintiff      Solicitors
Form 47 – R.431                       Level 18, Central Plaza 2, 66 Eagle Street
                                      BRISBANE  QLD  4000
                                      Telephone: +61 7 3221 3311
                                      Facsimile: +61 7 3221 9650
                                      Our ref: NMW:280201

# JUDGE KARAS `NMW`

JS 44C/SDNY
REV. 12/2005

**CIVIL COVER SHEET**

**07 CIV 9657**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**   GREAT AMERICAN ASSURANCE, CO.,

**DEFENDANTS**   FERNO AUSTRALIA PTY LTD

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER**

Anthony F. Tagliagambe, Esq.
LONDON FISCHER LLP, 59 Maiden Lane, New York, NY
10038  (212) 972-1000

**ATTORNEYS (IF KNOWN)**

OCT 3 1 2007

S.D.N.Y.
CASHIERS

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

Diversity action brought under 28 U.S.C. Section 1332 seeking damages for the death of a horse caused by defendant's
defective product.

Has this or a similar case been previously filed in SDNY at any time? No [x] Yes? [ ] Judge Previously Assigned

If yes, was this case Vol [ ] Invol. [ ] Dismissed. No [ ] Yes [ ] If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*     **NATURE OF SUIT**

**TORTS**

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE
INSTRUMENT
[ ] 150 RECOVERY OF
OVERPAYMENT &
ENFORCEMENT OF
JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF
DEFAULTED
STUDENT LOANS
(EXCL VETERANS)
[ ] 153 RECOVERY OF
VETERANS BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT
LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT
LIABILITY
[ ] 320 ASSAULT, LIBEL &
SLANDER
[ ] 330 FEDERAL
EMPLOYERS'
LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT
LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE
PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL
INJURY

**PERSONAL INJURY**

[ ] 362 PERSONAL INJURY
MED MALPRACTICE
[ ] 365 PERSONAL INJURY
PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL
INJURY PRODUCT
LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL
PROPERTY DAMAGE
[x] 385 PROPERTY DAMAGE
PRODUCT LIABILITY

**FORFEITURE/PENALTY**

[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED
SEIZURE OF
PROPERTY
21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL
SAFETY/HEALTH
[ ] 690 OTHER

**BANKRUPTCY**

[ ] 422 APPEAL
28 USC 158
[ ] 423 WITHDRAWAL
28 USC 157

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**

[ ] 861 HIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**LABOR**

[ ] 710 FAIR LABOR
STANDARDS ACT
[ ] 720 LABOR/MGMT
RELATIONS
[ ] 730 LABOR/MGMT
REPORTING &
DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR
LITIGATION
[ ] 791 EMPL RET INC
SECURITY ACT

**FEDERAL TAX SUITS**

[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY
20 USC 7609

**OTHER STATUTES**

[ ] 400 STATE
REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC
RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU-
ENCED & CORRUPT
ORGANIZATION ACT
(RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/
COMMODITIES/
EXCHANGE
[ ] 875 CUSTOMER
CHALLENGE
12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC
STABILIZATION ACT
[ ] 893 ENVIRONMENTAL
MATTERS
[ ] 894 ENERGY
ALLOCATION ACT
[ ] 895 FREEDOM OF
INFORMATION ACT
[ ] 900 APPEAL OF FEE
DETERMINATION
UNDER EQUAL ACCESS
TO JUSTICE
[ ] 950 CONSTITUTIONALITY
OF STATE STATUTES
[ ] 890 OTHER STATUTORY
ACTIONS

**ACTIONS UNDER STATUTES**

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE &
EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT
LIABILITY
[ ] 290 ALL OTHER
REAL PROPERTY

**CIVIL RIGHTS**

[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING
ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH
DISABILITIES
EMPLOYMENT
[ ] 446 AMERICANS WITH
DISABILITIES
OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**

[ ] 510 MOTIONS TO
VACATE SENTENCE
28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

**ACTIONS UNDER STATUTES**

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ _____   OTHER

Check YES only if demanded in complaint
JURY DEMAND: [x] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE

JUDGE _____   DOCKET NUMBER _____

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(PLACE AN x IN ONE BOX ONLY)                                        **ORIGIN**

[X] 1 Original
Proceeding
[ ] 2a. Removed from
State Court
[ ] 3 Remanded from
Appellate Court
[ ] 4 Reinstated or
Reopened
[ ] 5 Transferred from
(Specify District)
[ ] 6 Multidistrict
Litigation
[ ] 7 Appeal to District
Judge from
Magistrate
Judgment

[ ] 2b. Removed from State Court
AND at least one party is pro se litigant

(PLACE AN x IN ONE BOX ONLY)                     **BASIS OF JURISDICTION**

[ ] 1 U.S. PLAINTIFF  [ ] 2 U.S. DEFENDANT  [ ] 3 FEDERAL QUESTION
(U.S. NOT A PARTY)
[X] 4 DIVERSITY

**IF DIVERSITY, INDICATE
CITIZENSHIP BELOW.
(28 USC 1332, 1441)**

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [X] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [X] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

Great American Assurance Equine
Claims Center
3200 S.W. 27th Avenue
Ocala, Florida 34474

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

Ferno Australia PT. LTD.
11 Johnstone Road
Brendale QLD 4500
Commonwealth of Australia

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   **THIS ACTION SHOULD BE ASSIGNED TO:**
(DO NOT check either box if this a PRISONER PETITION)
[X] WHITE PLAINS   [ ] FOLEY SQUARE

DATE: 10/16/07   SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[ ] YES (DATE ADMITTED Mo.        Yr.        )
Attorney Bar Code #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge                                        is so Designated.

J. Michael McMahon, Clerk of Court by                     Deputy Clerk, DATED

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

# UNITED STATES DISTRICT COURT

REGISTRY: New York Southern
NUMBER:   07 CIV 9657

**Plaintiff:**          **GREAT AMERICAN ASSURANCE CO.**

**Defendant:**          **FERNO AUSTRALIA PTY LTD**

## CERTIFICATE OF EXHIBIT

Exhibit '**NMW2**' to the affidavit of Nancy Mae Wilson sworn: 23/01/08

Deponent                                 Barrister/Solicitor/Justice of the Peace/
                                         Commissioner for Declarations

---

**CERTIFICATE OF EXHIBIT**                **Moray & Agnew**
Filed on behalf of the plaintiff          Solicitors
Form 47 – R.431                           Level 18, Central Plaza 2, 66 Eagle Street
                                          BRISBANE  QLD  4000
                                          Telephone: +61 7 3221 3311
                                          Facsimile: +61 7 3221 9650
                                          Our ref: NMW:280201

                                                            (NMW) 7279291_1.DOC

'NMW2'

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York

GREAT AMERICAN ASSURANCE CO.,

V.

FERNO AUSTRALIA PTY. LTD.,

### SUMMONS IN A CIVIL ACTION

CASE NUMBER:

## 07 CIV 9657

## JUDGE KARAS

TO: (Name and address of Defendant)

FERNO AUSTRALIA PTY. LTD.
11 Johnstone Road
Brnedale QLD 4500
Commonwealth of Australia

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is served on you with this summons, within _____twenty (20)_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

OCT 3 1 2007

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[a] | |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

[ ] Served personally upon the defendant. Place where served:

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

[ ] Returned unexecuted:

[ ] Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                        Date                                    Signature of Server

_____
Address of Server

Anthony F. Tagliagambe, Esq.
LONDON FISCHER LLP
Attorneys for Plaintiff
GREAT AMERICAN ASSURANCE, CO.
59 Maiden Lane
New York, New York 10038
Phone: (212) 972-1000
Fax:    (212) 972-1030

**'07 CIV 9657**

**JUDGE KARAS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------
GREAT AMERICAN ASSURANCE, CO., ------------------------ X

                          Plaintiff,

                 -against-

FERNO AUSTRALIA PTY. LTD.,

                        Defendant.
-----------------------------------------------------  x

07 CIV._____

**COMPLAINT**

**JURY TRIAL DEMANDED**

OCT 31 2007

U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Great American Assurance Co., through its attorneys London Fischer, LLP, as and for its Complaint alleges the following:

## NATURE OF THE ACTION

1.     This is an action seeking money damages relating to the unfortunate death of a thoroughbred horse caused by defendant's defective product.

2.     Defendant is a foreign manufacturer of, among other products, veterinary rehabilitation equipment. Defendant does substantial business in the United States and in New York State. In particular, defendant manufactures a product known as an "AquaPacer", which is an equine underwater treadmill system used to rehabilitate horses.

3.     Plaintiff's subrogor brought her horse, Coco Chanel, to a farm in New Jersey after the horse suffered a minor ligament injury. She was brought to the farm to undergo

rehabilitation for the minor injury. Coco Chanel was placed in an AquaPacer. When the horse became agitated, she stopped walking on the treadmill and became wedged against a bar that is attached to the rear of the AquaPacer. Coco Chanel suffered major damage to her vertebral column. Eventually, the horse was humanely euthanized because of the severe injuries caused by the defective AquaPacer.

4.      Plaintiff, as the subrogee of Coco Chanel's owner, now seeks to recover damages from defendant because the proximate cause of the horse's death was defendant's defective product. Defendant's AquaPacer was improperly designed, manufactured and/or labeled, making the product unreasonably dangerous for its intended and foreseeable uses.

## THE PARTIES

5.      Plaintiff Great American Assurance Co. ("Great American") is an Ohio corporation with its principal place of business at 580 Walnut Street, Cincinnati, Ohio. Great American is involved in the business of underwriting property and casualty insurance.

6.      Upon information and belief, defendant Ferno Australia Pty. Ltd. ("Ferno") is an Australian corporation having its principal place of business at 11 Johnstone Road, Brendale QLD 4500, Commonwealth of Australia. Ferno touts itself as "a leading developer, manufacturer and global distributor of equipment designed to enhance the skills and performance level of its users." One of the areas in which Ferno provides products is veterinary rehabilitation and performance enhancement.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(b). Plaintiff is a citizen of the state of Ohio and defendant is a citizen or

subject of a foreign state, the Commonwealth of Australia. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8.      Venue is proper in this District pursuant to 28 U.S.C. 1391(a)(1) & and (c), as Ferno "resides" in this District because it is subject to personal jurisdiction within the State of New York.

9.      Ferno does and has been doing business in the State of New York on a continuous, permanent, and systematic basis. For example, Ferno has a sales representative, George Hunter, located in Chester, New York. Upon information and belief, the AquaPacer involved in the death of Coco Chanel was purchased through Mr. Hunter.

## THE RELATIONSHIP BETWEEN PLAINTIFF AND COCO CHANEL

10.      Great American provided equine casualty insurance to Tami Hoag under a policy numbered 6426242 (the "Policy"). One of the horses owned by Ms. Hoag, and, insured through Great American was Coco Chanel, a Rheinlander mare.

11.      Great American's casualty policy with Tami Hoag provided for a limit of liability in the amount of $600,000.

12.      After Coco Chanel was euthanized, Tami Hoag made a claim with Great American under the Policy. Great American paid $600,000 to Tami Hoag pursuant to the terms of the Policy for the death of Coco Chanel.

13.      Under the terms of the Policy, and by operation of law, Great American is subrogated to the rights of Tami Hoag to the extent of $600,000, in relation to the death of Coco Chanel.

## THE DEATH OF COCO CHANEL

14. On or about June 11, 2007, Coco Chanel arrived at High Brass Farm's Equine Rehabilitation Facility located in Pittstown, New Jersey ("High Brass"). The horse had suffered a minor ligament injury and was sent to High Brass for rehabilitation.

15. On June 12, 2007, the horse was placed in High Brass' AquaPacer Underwater Treadmill System, a treadmill in water machine manufactured by defendant, and purchased by High Brass.

16. This was Coco Chanel's first time on the AquaPacer, and she became agitated and stopped moving while the machine continued to run.

17. As a result, Coco Chanel became pinned against a bar in the rear of the AquaPacer known as a "Butt Bar." Coco Chanel's back was pressed against the Butt Bar, which did not release. The horse remained pinned for a period of time and then collapsed. Coco Chanel was unable to rise. Eventually, she was taken off the AquaPacer, placed in a trailer and was taken to Mid-Atlantic Equine Medical Center, a veterinary hospital.

18. At Mid-Atlantic Medical Equine Center, Coco Chanel was diagnosed with acute hind limb paralysis. She was unable to stand.

19. The next day, June 13, 2007, Coco Chanel was still unable to stand and was in pain whenever the prescribed analgesic wore off. Based on the continued hind limb paralysis and agitation, humane euthanasia was recommended and performed the evening of June 13th.

20. A post-mortem evaluation confirmed that there was a luxation of the horse's vertebral column between the 17th and 18th thoracic vertebrae, with an associated extradural blood clot.

21.    Coco Chanel's death was proximately caused by the defective AquaPacer manufactured by Ferno.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Negligence)

22.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

23.    At all material times, Ferno was and is in the business of designing, manufacturing, labeling, packaging, advertising, marketing, selling and distributing veterinary rehabilitation equipment.

24.    Ferno designed, manufactured, labeled, packaged, advertised, marketed, sold, distributed and placed upon the market the AquaPacer that was used by High Brass to rehabilitate Coco Chanel.

25.    The AquaPacer, when it was purchased by High Brass, was intended to be used to rehabilitate horses.

26.    The AquaPacer was defective in its design, manufacture and labeling such that when it left the control of Ferno or its agents, the AquaPacer was unsafe for its intended use.

27.    The use and manner of use of the AquaPacer to rehabilitate Coco Chanel was reasonably foreseeable, and it was reasonably foreseeable that horse owners, veterinarians, equine rehabilitators, and other members of the general public would rely on the safety of the product and that the product was safe for its intended use.

28.    Ferno owed a duty of care to all individuals, including Coco Chanel's owner, whose veterinarians and/or equine rehabilitators were likely to use or direct the use of the AquaPacer to rehabilitate their horses.

29.    Ferno breached its duty to Coco Chanel's owner and was negligent in the manner set forth below.

30.    The negligence of Ferno, which was a proximate cause of the death of Coco Chanel, and of the damages resulting from the harm inflicted on Coco Chanel, was comprised of:

a.    designing, manufacturing, assembling, labeling, packaging, distributing, and/or selling, or causing to be distributed and sold to members of the public, including Coco Chanel's rehabilitation farm, the AquaPacer which was defectively designed, manufactured, assembled, labeled and packaged;

b.    designing, manufacturing, assembling, labeling, packaging, distributing, and/or selling, or causing to be distributed or sold, to members of the public, including Coco Chanel's rehabilitation farm, the AquaPacer which Ferno knew or in the exercise of due care and diligence should have known was not suitable or safe for its intended or reasonably foreseeable purposes and/or was unreasonably dangerous to any horse, including Coco Chanel, that used the AquaPacer or reacted to the AquaPacer in a reasonably foreseeable manner;

c.    causing, allowing and permitting the AquaPacer and its appurtences and parts to be unfit for the use it was intended in that the product lacked the necessary qualifications, safeguards, and warnings to make the product proper for the use for which it was intended;

d.    failing to warn members of the horse-owning community and equine rehabilitators, including Coco Chanel's owner and Brass Farms of the dangers of AquaPacer, that the AquaPacer was defectively designed, manufactured, assembled, labeled and/or packaged, when used in a reasonably foreseeable manner and under all reasonably foreseeable circumstances;.

e.    failing to adhere to good manufacturing and design practices and adopt procedures appropriately designed to identify defects in the AquaPacer before sale and distribution;

f.    failing to discover and correct the above defects relating to the AquaPacer; and/or

g.    such other negligence as may be discovered by plaintiff during the course of discovery.

31.    The subject AquaPacer was defective when it left the custody and control of Ferno.

32.    As a proximate result of Ferno's negligence, Coco Chanel suffered severe injury and paralysis, necessitating her humane destruction.

33.    As a proximate result of the humane destruction of Coco Chanel, which humane destruction was caused by the negligence of Ferno, Coco Chanel's owner suffered economic losses including the loss of the monetary value of the horse, amounts invested in the horse, the opportunity to breed and/or race the horse, and incurred veterinary and related expenses.

34.    By reason of Ferno's negligence, plaintiff is entitled to a judgment in the amount of $600,000, plus interest.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Implied Warranty and Fitness for Use)

35.    Plaintiff repeats and realleges the allegations in Paragraphs 1 through 34 as if fully set forth herein.

36.    Ferno impliedly warranted to any potential, ultimate user, and/or owner of a horse who was placed in the product, that its AquaPacer was of merchantable quality, safe, suitable and fit for its intended use.

37.    Ferno breached its implied warranties, because the subject AquaPacer was not of merchantable quality, was not safe, was not suitable and was not fit for its intended use, as evidenced by the death of Coco Chanel when the AquaPacer was being used for its intended purpose.

38.    By reason of Ferno's breach of implied warranty, plaintiff is entitled to judgment in the amount of $600,000, plus interest.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Strict Liability)

39.    Plaintiff repeats and realleges the allegations in Paragraphs 1 through 38 as if fully set forth herein.

40.    At all times herein, Ferno designed, manufactured, formulated, assembled, packaged and/or labeled and placed or caused to be placed in the general stream of commerce, a product, the AquaPacer, that was unreasonably dangerous to horses.

41.    As a proximate result of Ferno's conduct, Coco Chanel's owner has sustained damages due to the death suffered by Coco Chanel.

42.    As a proximate result of Ferno's conduct, Coco Chanel was caused to suffer and was humanely destroyed, and the owner lost the present and future use of the horse.

43.    Ferno is strictly liable for the damages suffered by Coco Chanel's owner due to the defective designing, manufacturing, assembling, packaging and/or labeling of the AquaPacer, and for distributing and selling the defective AquaPacer.

44.    By reason of Ferno's conduct, plaintiff is entitled to a judgment in the amount of $600,000, plus interest.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (New Jersey Products Liability Act)

45.    Plaintiff repeats and realleges the allegations in Paragraphs 1 through 44 as if fully set forth herein.

46.    Ferno is a manufacturer and/or seller of a product, the AquaPacer, under the New Jersey Products Liability Act (the "Act"), N.J.S.A. 2A:58C-1, et seq.

47.    The AquaPacer in which Coco Chanel was placed was not reasonably fit, suitable or safe for its intended purpose, because the subject AquaPacer:

a)    deviated from the design specifications formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae; and/or

b)    failed to contain adequate warnings or instructions; and/or

c)    was designed in a defective manner.

48.    The injuries suffered by and subsequent death of Coco Chanel was proximately caused by the defects of the subject AquaPacer.

49.    By reason of defendant's conduct, plaintiff is entitled to a judgment under the Act in the amount of $600,000, plus interest.

WHEREFORE, Plaintiff Great American Assurance Company is entitled to relief as follows:

1.    On its First Cause of Action, an award of damages in the amount of $600,000 plus interest;

2.    On its Second Cause of Action, an award of damages in the amount of $600,000, plus interest;

3.    On its Third Cause of Action, an award of damages in the amount of $600,000, plus interest;

4.    On its Fourth Cause of Action, an award of damages in the amount of $600,000, plus interest; and

5.    Granting plaintiff such other and further relief as this Court deems just and proper.

Dated: New York, New York
      October 29, 2007

Respectfully,

LONDON FISCHER LLP

By: _____
Anthony F. Tagliagambo (#3691)
Attorneys for Plaintiff
Great American Assurance Company
59 Maiden Lane
New York, New York 10038
(212) 972-1000
Fax: (212) 972-1030

TO:

FERNO AUSTRALIA PTY. LTD.
11 Johnstone Road
Brnedale QLD 4500
Commonwealth of Australia

336\112\pleadings\complaint

# UNITED STATES DISTRICT COURT

REGISTRY: New York Southern
NUMBER:   07 CIV 9657

**Plaintiff:**          **GREAT AMERICAN ASSURANCE CO.**

**Defendant:**        **FERNO AUSTRALIA PTY LTD**

## CERTIFICATE OF EXHIBIT

Exhibit '**NMW3**' to the affidavit of Nancy Mae Wilson sworn 23/01/08

Deponent                                    Barrister/Solicitor/Justice of the Peace/
                                                    Commissioner for Declarations

---

**CERTIFICATE OF EXHIBIT**          **Moray & Agnew**
Filed on behalf of the plaintiff          Solicitors
Form 47 – R.431                              Level 18, Central Plaza 2, 66 Eagle Street
                                                    BRISBANE  QLD  4000
                                                    Telephone: +61 7 3221 3311
                                                    Facsimile: +61 7 3221 9650
                                                    Our ref: NMW:280201

(NMW) 7279291_1.DOC

N MWS

Anthony F. Tagliagambe, Esq.
LONDON FISCHER LLP
Attorneys for Plaintiff
GREAT AMERICAN ASSURANCE, CO.
59 Maiden Lane
New York, New York  10038
Phone: (212) 972-1000
Fax:    (212) 972-1030



**07 CIV  9657**

**JUDGE KARAS**

OCT 3 1 2007
U.S.D.C. S.D.N.Y.
CASHIERS
RULE 7.1 DISCLOSURE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
GREAT AMERICAN ASSURANCE, CO.,

                                    Plaintiff,

                    -against-

FERNO AUSTRALIA PTY. LTD.,

                                    Defendant.
------------------------------------------------------------ x

        Pursuant to Rule 9 of the General Rules of the Eastern District of New York and to

enable Judges and Magistrates of the Court to evaluate possible disqualification or recusal, the

undersigned attorneys or record for plaintiff, GREAT AMERICAN ASSURANCE, CO. certifies that

the following are corporate parents, subsidiaries or affiliates of these parties:  Outsourcing Services

Group, Inc.

Dated: New York, New York
        October 29, 2007

                            Respectfully,

                            LONDON FISCHER LLP

                    By:
                            Anthony F. Tagliagambe (AT691)
                            Attorneys for Plaintiff
                            Great American Assurance Company
                            59 Maiden Lane
                            New York, New York 10038
                            (212) 972-1000
                            Fax: (212) 972-1030

TO:

FERNO AUSTRALIA PTY. LTD.
11 Johnstone Road
Brendale QLD 4500
Commonwealth of Australia

K:\Ferno\US\Pleadings\Rule-7.1-Federal.doc

# UNITED STATES DISTRICT COURT

REGISTRY: New York Southern
NUMBER:  07 CIV 9657

**Plaintiff:**  **GREAT AMERICAN ASSURANCE CO.**

**Defendant:**  **FERNO AUSTRALIA PTY LTD**

## CERTIFICATE OF EXHIBIT

Exhibit '**NMW4**' to the affidavit of Nancy Mae Wilson sworn: *23/01/08*

Deponent

~~Barrister/Solicitor/Justice of the Peace/~~
~~Commissioner for Declarations~~

---

**CERTIFICATE OF EXHIBIT**
Filed on behalf of the plaintiff
Form 47 – R.431

Moray & Agnew
Solicitors
Level 18, Central Plaza 2, 66 Eagle Street
BRISBANE  QLD  4000
Telephone: +61 7 3221 3311
Facsimile: +61 7 3221 9650
Our ref: NMW:280201

(NMW) 7279291_1.DOC

# Australian Securities & Investments Commission Current Extract for Organisation Number 009 927 137

This information was extracted from ASIC database on 17 January 2008 at 12:11PM

Section 1274B
This extract has been prepared by the Australian Securities
& Investments Commission from information it obtained,
by using a data processor, from the national database.
If you believe that this extract contains any error or omission
please advise the A.S.I.C. promptly.
The Information Division of the Australian Securities & Investments Commission
is certified under the Australian Quality Standard AS 3901
(International Standard ISO 9001).

| 009 927 137 | **FERNO AUSTRALIA PTY LTD** | | DOCUMENT NO. |
|---|---|---|---|

| | | | |
|---|---|---|---|
| ACN | : | 009 927 137 | |
| ABN | : | 88 009 927 137 | |
| Registered in | : | Queensland | |
| Date registered | : | 28-JUN-1974 | |
| Review Date | : | 28-JUN-2008 | |
| Previous state number | : | 74B01503P | |

## Current Organisation Details

| | | | |
|---|---|---|---|
| Name | : | FERNO AUSTRALIA PTY LTD | 002213091 |
| Name Start | : | 05-MAY-1992 | |
| Status | : | REGISTERED | |
| Type | : | AUSTRALIAN PROPRIETARY COMPANY | |
| Class | : | LIMITED BY SHARES | |
| Subclass | : | PROPRIETARY COMPANY | |
| Disclosing Entity | : | NO | |

## Registered Office

| | | | |
|---|---|---|---|
| Address | : | C/- SKAINES REEVES & JONES, UNIT 3, 27 SOUTH PINE ROAD, BRENDALE, QLD 4500 | 1E0165141 |
| Start Date | : | 13-AUG-2004 | |

## Principal Place of Business

| | | | |
|---|---|---|---|
| Address | : | 11 JOHNSTONE ROAD, BRENDALE, QLD 4500 | 0E0160749 |
| Start Date | : | 30-JUN-1994 | (AR 1994) |

Address for ASIC Company Communications
| | | |
|---|---|---|
| Address | : | PO BOX 418, STRATHPINE, QLD 4500 |
| Start Date | : | 28-JUN-2003 |

## Director

| | | | |
|---|---|---|---|
| Officer Name | : | FERRIS, ALAN KEITH | 0E4505603 |
| ABN | : | Not available | |
| Birth Details | : | 23-SEP-1966 BRISBANE QLD | |
| Address | : | 74 CONSTITUTION ROAD, WINDSOR, QLD 4030 | |
| Appointment Date | : | 16-MAY-2000 | |

| | | | |
|---|---|---|---|
| Officer Name | : | WEST, SCOTT ANDREW | 0E4807154 |
| ABN | : | Not available | |
| Birth Details | : | 30-DEC-1969 REDCLIFFE QLD | |
| Address | : | 15 LIAW CLOSE, BOONDALL, QLD 4034 | |
| Appointment Date | : | 16-MAY-2000 | |

```
Officer Name       :  BOURGRAF, JOSEPH GEORGE                          0E6521567
ABN                :  Not available
Birth Details      :  13-NOV-1960 OHIO UNITED STATES
Address            :  7921 SOUTHERN PINES DRIVE, MAINEVILLE, OHIO UNITED STATES OF
                      AMERICA
Appointment Date   :  26-NOV-2001


Officer Name       :  RIORDAN, PAUL                                    0E6521567
ABN                :  Not available
Birth Details      :  19-JAN-1944 DAYTON OHIO UNITED STATES
Address            :  8250 KROGER FARM LANE, CINCINNATI, OHIO UNITED STATES OF
                      AMERICA
Appointment Date   :  26-NOV-2001


Officer Name       :  HILES, GERALD                                    5E1783122
ABN                :  Not available
Birth Details      :  15-JUN-1950 SPRINGFIELD OHIO UNITED STATES
Address            :  N OHIO, 475 TODDS RIDGE ROAD WILMINGTO UNITED STATES
Appointment Date   :  26-NOV-2001
```

**Secretary**
```
Officer Name       :  WEST, SCOTT ANDREW                               0E6671103
ABN                :  Not available
Birth Details      :  30-DEC-1969 REDCLIFFE QLD
Address            :  15 LIAW CLOSE, BOONDALL, QLD 4034
Appointment Date   :  18-DEC-2001
```

**Appointed Auditor**
```
Officer Name       :  GRANT THORNTON                                   020201849
Number             :  024117879
ABN                :  Not available
Address            :  LEVEL 4 GRANT THORNTON HOUSE, 102 ADELAIDE STREET, BRISBANE,
                      QLD 4000
Appointment Date   :  19-NOV-2002
```

**Current Issued Capital**
```
Type               :  Current                                          0E7742120
Class              :  ORD1                                             (AR 2002)
                      ORDINARY SHARES
Number of Shares/Interests issued      :  300
Total amount paid/taken to be paid     :  300.00
Total amount due and payable           :  0.00
```

Note:  Information on this extract such as Share Structure,
Members and Ultimate Holding Company is obtained from the Company
Annual Return.  Care should be taken when using this information
as it may have changed since the most recent Annual Return was
processed by ASIC.  Care should also be taken when using the
member information as only the top twenty members in each class
are listed on the extract.  If no member details are shown it may
be that the company has only recently been registered and has not
yet lodged its first Annual Return.


**Current Members**
```
Class        :  ORD1                                                   0E7742120
No. Held     :  30                                                     (AR 2002)
Benefically owned    :  NO           Fully paid :  YES
```

```
Name      : LAYERPORT PTY. LTD.
ACN       : 010 871 173
ABN       : 97 010 871 173
Address : 11 JOHNSTONE ROAD, BRENDALE, QLD 4500
Joint holding: NO

Class     : ORD1                                          0E7742120
No. Held  : 270                                           (AR 2002)
Benefically owned   : YES          Fully paid : YES

Name      : FERNO-WASHINGTON, INC.
ABN       : Not available
Address : FERNO WASHINGTON, INC, 70 WEIL WAY, WILLMINGTON OHIO UNITED
          STATES OF AMERICA
Joint holding: NO
```

## Charges

```
ASIC Charge Number : 262594        Pre-ASIC Charge Number : 15489
Charge status      : Registered
Date registered    : 27-JUN-1978   Time registered      : Unknown
Date Created       : 06-JUN-1978
```

**Chargee : BANK OF NEW SOUTH WALES**
```
           : 021 365 168
```

| Lodged | Form Type | Processed | No. Pages | |
|--------|-----------|-----------|-----------|---|
| | C1 | | 2 | 001151996 |
| C1 | NOTICE OF CHARGE | | | |

```
ASIC Charge Number : 758758        Charge status      : Registered
Date registered    : 24-JUL-2000   Time registered    : 13:44
Charge type        : Both Fixed & Floating
Date Created       : 17-JUN-2000
```

**Chargee : WESTPAC BANKING CORPORATION**
```
           : 007 457 141
```

| Lodged | Form Type | Processed | No. Pages | |
|--------|-----------|-----------|-----------|---|
| 24-JUL-2000 | 309 | 24-JUL-2000 | 29 | 016370193 |
| | 309 | NOTIFICATION OF | | |
| | 309A | DETAILS OF A CHARGE | | |

```
ASIC Charge Number : 1089689       Charge status      : Registered
Date registered    : 06-OCT-2004   Time registered    : 11:14
Charge type        : Fixed
Date Created       : 27-SEP-2004
```

**Chargee : WESTPAC BANKING CORPORATION**
```
           : 007 457 141
```

| Lodged | Form Type | Processed | No. Pages | |
|--------|-----------|-----------|-----------|---|
| 06-OCT-2004 | 309 | 06-OCT-2004 | 9 | 020765295 |
| | 309 | NOTIFICATION OF | | |
| | 309A | DETAILS OF A CHARGE | | |

## Document Details

| Received | Form Type | Processed | No. Pages | Effective | |
|----------|-----------|-----------|-----------|-----------|---|
| 01-OCT-2007 | 484 | 01-OCT-2007 | 2 | 17-SEP-2007 | 5E1783122 |
| | 484A1 | Change to Company Details Change Officeholder Name Or Address | | | |
| 02-APR-2007 | 388 | 03-MAY-2007 | 21 | 30-SEP-2006 | 023599547 |

```
        388C    Financial Report Financial Report - Supplementary - Company
                Alters 023 454 757

04-DEC-2006  388         03-MAY-2007  21         30-SEP-2006        023454757
     388H    Financial Report Financial Report - Large Proprietary      (FR 2006)
             Company That Is Not a  Disclosing Entity                   (FR 2006)
             Altered by 023 599 547                                     (FR 2006)

13-FEB-2006  388         29-MAR-2006  19         30-SEP-2004        022806333
     388I    Financial Report Financial Report - Small Proprietary       (FR 2004)
             Company That Is         Controlled By a Foreign Company     (FR 2004)

13-FEB-2006  388         05-APR-2006  19         30-SEP-2005        022806553
     388I    Financial Report Financial Report - Small Proprietary       (FR 2005)
             Company That Is         Controlled By a Foreign Company     (FR 2005)

21-NOV-2005  483         25-NOV-2005  3          28-OCT-2005        022626301
     483     Company Compliance Statement (Response to Return Of
             Particulars)

06-AUG-2004  484         06-AUG-2004  2          19-JUL-2004        1E0165141
     484B    Change to Company Details Change of Registered Address

16-APR-2004  388         22-APR-2004  18         30-SEP-2003        020201849
     388     Financial Report                                           (FR 2003)
     388E    Company - Appoint Change Name/address of Auditor            (FR 2003)
     388I    Financial Report - Small Proprietary Company That Is        (FR 2003)
             Controlled By a Foreign Company                            (FR 2003)

07-OCT-2002  316         17-OCT-2002  3          30-JUL-2002        0E7742120
     316L    Annual Return Annual Return - Proprietary Company           (AR 2002)

20-DEC-2001  304         20-DEC-2001  1          18-DEC-2001        0E6671103
     304A    Notification of Change to Officeholders of Australian
             Company

30-NOV-2001  304         30-NOV-2001  1          26-NOV-2001        0E6521567
     304A    Notification of Change to Officeholders of Australian
             Company

23-NOV-2001  316         23-NOV-2001  3          08-OCT-2001        0E6479651
     316L    Annual Return Annual Return - Proprietary Company           (AR 2001)

13-FEB-2001  304         13-FEB-2001  1          07-FEB-2001        0E5702299
     304C    Notification of Change of Name or Address of Officeholder

30-JAN-2001  902         02-FEB-2001  1          30-JAN-2001        0E5579078
     902     Supplementary Document
             Alters 0E5 376 656

11-JAN-2001  316         02-FEB-2001  3          05-JAN-2001        0E5376656
     316L    Annual Return Annual Return - Proprietary Company           (AR 2000)
             Altered by 0E5 579 078                                     (AR 2000)

07-SEP-2000  304         07-SEP-2000  1          24-AUG-2000        0E4807154
     304C    Notification of Change of Name or Address of Officeholder

08-AUG-2000  304         08-AUG-2000  1          01-AUG-2000        0E4695483
     304C    Notification of Change of Name or Address of Officeholder

05-JUL-2000  203         05-JUL-2000  1          22-JUN-2000        0E4586929
     203A    Notification of Change of Address

29-MAY-2000  304         29-MAY-2000  1          16-MAY-2000        0E4505603
```

```
       304A    Notification of Change to Officeholders of Australian
               Company

31-JAN-2000  316           31-JAN-2000   3          31-JAN-2000      0E4189750
     316     Annual Return                                           (AR 1999)
     316P    Change of Name or Address of Officeholder               (AR 1999)
     316L    Annual Return - Proprietary Company                     (AR 1999)

29-JUL-1998  316           29-JUL-1998   4          27-JUL-1998      0E2149588
     316L    Annual Return Annual Return - Proprietary Company       (AR 1998)

29-JUL-1997  316           29-JUL-1997   4          28-JUL-1997      0E1268083
     316L    Annual Return Annual Return - Proprietary Company       (AR 1997)

10-JAN-1997  316           10-JAN-1997   4          10-JAN-1997      0E0888818
     316L    Annual Return Annual Return - Proprietary Company       (AR 1996)

22-MAR-1996  304           22-MAR-1996   1          27-FEB-1996      0E0448719
     304C    Notification of Change of Name or Address of Officeholder

25-JAN-1996  316           25-JAN-1996   4          30-DEC-1995      0E0376111
     316L    Annual Return Annual Return - Proprietary Company       (AR 1995)

27-JAN-1995  316           14-FEB-1995   4          30-DEC-1994      0E0160749
     316     Annual Return                                           (AR 1994)
     316Q    Resignation or Removal of Auditor                       (AR 1994)
     316L    Annual Return                                           (AR 1994)

19-JAN-1994  316           03-FEB-1994   4          31-DEC-1993      00992713D
     316L    Annual Return Annual Return                             (AR 1993)

11-JAN-1993  316           18-JAN-1993   4          31-DEC-1992      003804159
     316L    Annual Return Annual Return                             (AR 1992)

05-MAY-1992  245           06-MAY-1992   1          05-MAY-1992      002215903
     245     Certificate of Registration on Change of Name

30-APR-1992  205           05-MAY-1992   1          27-APR-1992      002213091
     205A    Notification of Resolution Changing Company Name

02-MAR-1992  410           05-MAY-1992   1          02-MAR-1992      002192677
     410B    Application For Reservation of a New Name Upon Change Of
             Name

31-JAN-1992  304           24-FEB-1992   2          31-JAN-1992      002189704
     304B    Notification of to Officeholders of Registered Body

31-JAN-1992  304           24-FEB-1992   2          31-JAN-1992      002189709
     304B    NOTIFICATION OF TO OFFICEHOLDERS OF REGISTERED BODY

31-JAN-1992  316           25-MAR-1992   4          31-JAN-1992      00992713B
     316     ANNUAL RETURN                                           (AR 1991)
     316E    CORRECTIONS                                             (AR 1991)
     316L    ANNUAL RETURN                                           (AR 1991)

18-DEC-1990  316           31-JAN-1991   4          18-DEC-1990      0992713A
     316     ANNUAL RETURN                                           (AR 1990)
     316A    CHANGE OF ADDRESS                                       (AR 1990)
     316B    CHANGES FORM NOTIFYING CHANGE OF OFFICE HOURS           (AR 1990)
     316C    CHANGE TO OFFICE HOLDERS                                (AR 1990)
     316E    CORRECTIONS                                             (AR 1990)
```

**Pre-ASIC documents**

| State/Territory | Form Type | Received | Status |
|---|---|---|---|
| QLD | CAAKA3C | 29-JAN-1987 | NOFE |
| QLD | CCF066 | 29-JAN-1987 | FP |
| QLD | CCF066 | 25-FEB-1988 | FP |
| QLD | CCF066 | 23-JAN-1989 | FP |
| QLD | CCF061 | 28-FEB-1989 | FP |
| QLD | CCF015C | 26-JUN-1989 | NOFE |
| QLD | CCF055 | 30-NOV-1989 | NOFE |
| QLD | CCF150 | 30-NOV-1989 | NOFE |
| QLD | CCF066 | 05-JAN-1990 | FP |
| QLD | CCF066 | 19-DEC-1990 | FP |

**Financial Reports**

| Balance Date | Report Due Date | AGM Due Date | Extended AGM Due Date | AGM Held Date | O/Standing |
|---|---|---|---|---|---|
| 30-SEP-2003 | 31-JAN-2004 | Unknown | Unknown | Unknown | N |
| 30-SEP-2004 | 28-FEB-2005 | Unknown | Unknown | Unknown | N |
| 30-SEP-2005 | 28-FEB-2006 | Unknown | Unknown | Unknown | N |
| 30-SEP-2006 | 28-FEB-2007 | Unknown | Unknown | Unknown | N |

\*\*\* End of Extract \*\*\*